IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEREMY E. POPE,

    Plaintiff,

vs.

ALL-WAYS TOWING & STORAGE
INC., a Florida Corporation, and
MARCOS AGUILAR, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JEREMY E. POPE, sues Defendants, ALL-WAYS TOWING & STORAGE INC. and MARCOS AGUILAR, and shows:

### Introduction

1. This is an action by JEREMY E. POPE against his former employers for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, JEREMY E. POPE, (hereinafter "POPE") a resident of Broward County, was at all times material, employed by ALL-WAYS TOWING & STORAGE INC., as a tow truck driver, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with

ALL-WAYS TOWING & STORAGE INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, ALL-WAYS TOWING & STORAGE INC. (hereinafter, "ALL-WAYS TOWING"), is a Florida Corporation with headquarters in Broward County, Florida, doing business throughout the South Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, MARCOS AGUILAR (hereinafter "AGUILAR"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ALL-WAYS TOWING.

7. Defendant AGUILAR acted and acts directly in the interests of Defendant ALL-WAYS TOWING, in relation to its employees. Thus AGUILAR and ALL-WAYS TOWING are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by Defendant ALL-WAYS TOWING – Overtime**

8. Plaintiff, JEREMY E. POPE, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about May 20, 2013, up to and including June 11, 2013, Defendant ALL-WAYS TOWING has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by

employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically POPE, since May 20, 2013, has worked in excess of 40 hours a week every week of his employment, but was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to POPE is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

11. ALL-WAYS TOWING's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and POPE's status as non-exempt, but chose not to pay him in accordance with the Act.

12. POPE is entitled pursuant to 29 U.S.C. § 216(b), to recover from ALL-WAYS TOWING:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, JEREMY E. POPE, prays that this court will grant judgment against Defendant ALL-WAYS TOWING:

    a. awarding POPE payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding POPE an additional equal amount as liquidated damages;

    c. awarding POPE his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### Count II –Violation of FLSA by Defendant AGUILAR – Overtime

13. Plaintiff, JEREMY E. POPE, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 12 above.

14. POPE is entitled pursuant to 29 U.S.C. § 216(b), to recover from AGUILAR:

      a.    All unpaid overtime that is due;

      b.    As liquidated damages, an amount equal to the unpaid overtime owed;

      c.    The costs of this action, and;

      d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, JEREMY E. POPE, prays that this court will grant judgment against Defendant AGUILAR:

      a.    awarding POPE payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

      b.    awarding POPE an additional equal amount as liquidated damages;

      c.    awarding POPE his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

### Count III-Violation of the FLSA by ALL-WAYS TOWING- Minimum Wage

15. Plaintiff, POPE, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 7 above.

16. POPE worked for ALL-WAYS TOWING for several hours during the last two weeks of his employment, but received no compensation whatsoever for the work performed.

17. On July 1, 2013, POPE hand-delivered a letter to Defendant AGUILAR requesting payment for the final two weeks of his employment. Defendant AGUILAR crumbled the letter into a ball and threw it back towards POPE. Despite POPE's efforts to secure his pay,

AGUILAR refused to even talk to POPE and refused to pay him. Defendants actions have left POPE no other choice but to file this law suit.

18. ALL-WAYS TOWING's failure to pay POPE violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

19. POPE is entitled pursuant to the FLSA to recover from Defendant ALL-WAYS TOWING:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for POPE and against ALL-WAYS TOWING on the basis of its willful violations of the FLSA;

    b. Award POPE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

    c. Award POPE an equal amount in liquidated damages;

    d. Award POPE reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

### Count IV-Violation of the FLSA by AGUILAR- Minimum Wage

20. Plaintiff, POPE, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 7 and 15 through 17 above.

21. POPE is entitled pursuant to the FLSA, to recover from Defendant AGUILAR:

      a.      The applicable minimum wage in effect at the times he worked without receiving compensation;

      b.      As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

      c.      The costs of this action, and;

      d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

      a.      Enter judgment for POPE and against AGUILAR on the basis of his willful violations of the FLSA;

      b.      Award POPE actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

      c.      Award POPE an equal amount in liquidated damages;

      d.      Award POPE reasonable attorneys' fees and costs of suit; and

      e.      Other such relief as this Court deems just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: July 20, 2013
Plantation, Florida

                              Respectfully submitted,

                              s/Robert S. Norell
                              Robert S. Norell, Esq. (Fla. Bar No. 996777)
                              E-Mail: rob@floridawagelaw.com
                              ROBERT S. NORELL, P.A.
                              300 N.W. 70th Avenue
                              Suite 305
                              Plantation, Florida 33317
                              Telephone: (954) 617-6017
                              Facsimile: (954) 617-6018
                              Counsel for JEREMY E. POPE